OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Railroad Commission of Texas
Austin, Texas

Opinion No. O-3611b,
Gentlemen:                    Re: Interpreting H.B. 351, 47th Leg.

In our opinion No. O-3611a, in answering your seventeenth question, we expressed the opinion that "if the authority expressed in the permit (special commodity) has been amended since January 1, 1941, the replacing certificate (specialized motor carrier) should carry the authority given in the amended permit whether the amendment increased or decreased the authority theretofore conferred." It has been called to our attention that some such amendments increased the authority so as to authorize operation in areas not theretofore served, and that some amendments authorized the transportation of commodities not theretofore authorized to be hauled.

Upon further examination into the question we have concluded that we were in error as concerns permits which had been amended since January 1, 1941, authorizing such increased operations.

A person receiving a special commodity permit since January 1, 1941, is denied a replacing specialized motor carrier certificate without he pleads and proves public convenience and necessity. There is no real difference between that person and one who has obtained identical new operating rights since January 1, 1941, through amendment of an old permit. The intention should not be ascribed to the legislature to require the one to discharge an onerous burden and not to place the same requirement on the other unless the language of the statute will not admit reasonably of a different construction. We do not believe the applicable language of the Act necessarily requires the construction which we have heretofore given. Section 5a(b), last clause. Accordingly, we modify our answer to your said seventeenth question and say that the specialized carrier certificate should not embody any operating rights not contained in the permit as of January 1, 1941, and this despite the fact that there may have been an amendment granted since that date increasing such rights.

We adhere to the conclusion expressed in that opinion to the effect that if a special commodity permit has been amended since January1, 1941, so as to decrease its authority, the replacing certificate should embody only the authority contained in the permit as amended. To hold otherwise would be to grant him new operating rights without proof of public convenience and necessity, simply on account of the fact that at a prior time he had held such rights, while a new applicant for the same authority would be required to show public convenience and necessity.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
/s/ Glenn R. Lewis
Assistant

APPROVED AUG 1, 1941

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:ob

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN